IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CORA LEE PITTS                                                                                         PLAINTIFF

v.                        Civil No. 5:22-cv-05015

OFFICER H. SERATT, Fayetteville
Police Department ("FPD"); OFFICER
MCKUTZ, FPD; OFFICER F. CARTER,
FPD; OFFICER J. OVERLAND, FPD;
OFFICER HAYDON (Badge #388) FPD;
OFFICER BROOKS (Bade # 384) FPD; and
OFFICER HUTSELL (Badge # 336) FPD                                                        DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Cora L. Pitts ("Pitts"), currently an inmate of the Washington County Detention Center ("WCDC"), filed this civil rights action under 42 U.S.C. § 1983. Pitts proceeds *pro se* and *in forma pauperis* ("IFP"). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening of the Amended Complaint (ECF No. 9) under 28 U.S.C. § 1915(e)(2). Pursuant to § 1915(e)(2), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**I.   BACKGROUND**

On October 3, 2020, at the Motel 6 in Fayetteville, Arkansas, Pitts says she was "knocked down" by a vehicle and "run over" by the driver's side rear tire. (ECF No. 9 at 5). As a result, Pitts indicates she suffered a broken pelvis as well as back, leg, and neck injuries. *Id.* at 5-6. Although Pitts could not identify the driver, she identified the vehicle as an Chevrolet Avalanche. *Id.* at 6.

1

Each of the Defendant officers responded to the scene.  (ECF No. 9 at 6).  Pitts says the officers "neglected" to apprehend the driver of the Avalanche.  *Id.*  With respect to Officer Seratt, Pitts indicates he made derogatory statements about her level of intoxication and asserted that she was "high on meth."  *Id.* at 7.

Pitts has sued the Defendants in their official capacities only.  (ECF No. 9 at 6 & 8).  As relief, Pitts asks that Defendants be given a "lesson to be more courteous & thorough as officers of the community."  *Id.* at 10.  Further, she indicates the Defendants should be taught to get statements from all civilians directly involved and to do thorough incident reports.  *Id.*  Pitts seeks actual damages for the medical bills she has incurred and compensatory damages as a result of her permanent physical injuries.  *Id.*

## II.  APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'"  *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

A plaintiff may bring a § 1983 claim against a public official acting in his individual capacity, his official capacity, or both. *Baker v. Chisom,* 501 F.3d 920, 923 (8th Cir. 2007). Here, Pitts has sued Defendants only in their official capacities. An official capacity claim is considered a claim against the governmental entity, here, the City of Fayetteville. *Crawford v. Van Buren Cnty.*, 678 F.3d 666, 669 (8th Cir. 2012). That is, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 535 (8th Cir. 1999). To prevail on an official capacity claim, Pitts must establish the City of Fayetteville's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.,* 813 F.3d 1070, 1075 (8th Cir. 2016).

There are three ways in which Pitts may prevail on her official capacity claims: Municipal liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines,* 883 F.3d 1075, 1079 (8th Cir. 2018).

Pitts has not alleged that Defendants' conduct resulted from either an official policy or an unofficial custom of the City of Fayetteville. *Corwin v. City of Independence, MO.,* 829 F.3d 695, 699-700 (8th Cir. 2016) (setting forth the necessary showing to establish a policy or unofficial custom). Instead, Pitts alleges Defendants were negligent in the performance of their duties – primarily their failure to apprehend and charge the driver of the Avalanche. The final method available to establish the City of Fayetteville's liability is by establishing that the failure to train or supervise the offending actors (officers) caused the deprivation. *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010). With respect to a failure to train claim, the Court in *Parrish* found a county

may be subject to liability for the inadequate training of its employees where: "(1) the [county's] . . . training practices [were] inadequate; (2) the [county] was deliberately indifferent to the rights of others in adopting them, such that the failure to train reflects a deliberate or conscious choice by [the county]; and (3) an alleged deficiency in the . . . training procedures actually caused the plaintiff's injury." *Id.* (cleaned up). Although Pitts' prayer for relief requests that Defendants receive further training, her factual statement of her claim falls far short of establishing that a failure train the Defendants resulted in any of her injuries. Her official capacity claims fail as a matter of law.

Even if the Court assumes Pitt meant to assert individual capacity claims against the Defendants, her claims cannot succeed. First, negligence does not state a claim of constitutional dimension. *Daniels v. Williams,* 474 U.S. 327, 328 (1986) (the Constitution is not implicated by a negligent act of an official causing unintended loss of, or injury to, life, liberty, or property). Second, the Supreme Court has held that defamation (such as the alleged derogatory comments), by itself, is insufficient to support a claim under § 1983. *Paul v. Davis*, 424 U.S. 693, 701 (1976). In *Paul*, the Supreme Court found that a person's interest in his reputation is not considered liberty or property protected by the due process clause. *Paul*, 424 U.S. at 701; *see also Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) ("damage to reputation is not alone sufficient to invoke procedural due process"). Third, there is no constitutional right to have law enforcement officials investigate a reported crime. *See e.g., Sheets v. Mullins*, 287 F.3d 581 (6th Cir. 2002) (no due process or equal protection violation by sheriff's department sergeant in responding to a call reporting domestic violence). "The Due Process Clause of the Fourteenth Amendment does not impose upon the state an affirmative duty to protect its citizens [against illegal private acts], but

4

rather, places limitations on affirmative state action that denies life, liberty, or property without due process of law." *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1065 (6th Cir. 1998) (citing *DeShaney v. Winnebago Cnty. Dep't. of Soc. Servs.*, 489 U.S. 189, 195 (1989)).   Finally, victims of crime lack any legal right to compel criminal prosecution or to institute criminal prosecution. *See Diamond v. Charles,* 476 U.S. 54, 64-65 (1986); *Frison v. Zebro*, 339 F.3d 994, 998-1000 (8th Cir. 2003)(rejecting a § 1983 claim based on the violation of a criminal statute).

### IV.   CONCLUSION

For these reasons, it is recommended that:

(1)  the case be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted;

(2) Plaintiff/Petitioner is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the **Clerk** is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and

(3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of March 2022.

*Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE